| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 4:10-CR-166 |
| | § | |
| CEDRIC LAMONE LEWIS | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Cedric Lamone Lewis's ("Lewis") *pro se* Motion to Amend Judgment Nunc Pro Trunc (#127), wherein he requests that the court amend its judgment in the instant case to specify that his sentence should run concurrently with his state sentence. Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I. Background

On August 19, 2010, a federal grand jury sitting in the Eastern District of Texas returned a single-count Indictment charging Lewis with Attempted Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d). Lewis pleaded guilty pursuant to a binding plea agreement, and on September 7, 2012, was sentenced to 120 months' imprisonment, followed by a 5-year term of supervised release. The judgment does not indicate that his sentence shall run concurrently to any other term of imprisonment. At the time the instant offense was committed, Lewis was on parole for the state offense of Aggravated Robbery in Case No. J00885, in the Hunt County Juvenile Court of Greenville, Texas.

II. Analysis

Title 18 of the United States Code, Section 3584, allows the district court to determine whether to run multiple sentences of imprisonment consecutively or concurrently. 18 U.S.C.

§ 3584; *accord Setser v. United States*, 566 U.S. 231, 236 (2012); *United States v. Gonzalez*, 520 U.S. 1, 6-7 (1997) ("Normally a district court has authority to decide whether federal prison terms should run concurrently with or consecutively to other prison sentences." (citing 18 U.S.C. § 3584(a)); U.S.S.G. § 5G1.3). In determining whether sentences should run concurrently or consecutively, the court must consider the sentencing factors of 18 U.S.C. § 3553(a) with respect to each offense for which a term of imprisonment is being imposed. 18 U.S.C. § 3584(b).

Lewis asserts that while the sentencing transcripts and the judgment are silent as to whether his federal term of imprisonment should run concurrently or consecutively with any other term of imprisonment, he would not have entered into the plea agreement in the instant case if he had known that the federal term would run consecutively to his State sentence. Unless Lewis's motion falls into one "of the recognized categories of postconviction motions," the court lacks jurisdiction to entertain it. *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020); *see* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except [for narrow exceptions not presently applicable].").

Under federal law, "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Thus, if a judgment does not specify that a federal sentence should run concurrently to a separately imposed sentence, the sentences are deemed to run consecutively. *United States v. Milton*, No. 18-50867, 2020 WL 1069448, at *1 (5th Cir. Mar. 5, 2020); *United States v. Eiland*, 711 F. App'x 730, 731 (5th Cir. 2017) (citing *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003); *United States v. Candia*, 454 F.3d 468, 475 (5th Cir. 2006) (citing 18 U.S.C. § 3584(a)). Because the sentences at issue here were imposed at different times by different courts for

unrelated offenses, and the court's judgment does not specify otherwise, Lewis's federal sentence is deemed to run consecutively to his state sentence. *See Garza v. Connor,* 101 F. App'x 973, 974 (5th Cir. 2004).

To the extent the court has discretion to order that Lewis's sentences run concurrently, this request is denied, as his state conviction for Aggravated Robbery is an offense unrelated to his federal conviction for Attempted Bank Robbery. *See United States v. Valdez*, 726 F.3d 684, 698 (5th Cir. 2013) (quoting *United States v. Woods*, 440 F.3d 255, 260 (5th Cir. 2006)) ("[T]he default rule [is] that totally unrelated crimes should ordinarily receive distinct punishment."); *United States v. Olivares-Martinez*, 767 F.2d 1135, 1137 (5th Cir. 1985) (stating that "consecutive sentencing is an appropriate mechanism for imposing distinct punishment for separate criminal acts, and that a defendant has no right to have concurrent sentences imposed for two totally unrelated offenses"); *see also Candia*, 454 F.3d at 477 (citing *United States v. Izaguirre-Losoya*, 219 F.3d 437, 439 (5th Cir. 2000), *cert. denied*, 531 U.S. 1097 (2001)) (holding that a defendant is not entitled to a concurrent sentence simply because a prior sentence is included in the defendant's criminal history calculation).

Furthermore, the United States Sentencing Commission recommends that any sentence resulting from a revocation of federal or state probation, parole, or supervised release run consecutively to any sentence imposed as a result of a federal conviction. U.S. SENTENCING GUIDELINES MANUAL §§ 5G1.3(c) & application note 4(c),7 B1.3(f) & application note 4 (2015). This is because "a revocation sentence punishes a breach of trust rather than the criminal conduct." *United States v. Daughenbaugh*, 793 F. App'x 237, 240 (5th Cir. 2019). Consistent with these recommendations, the court finds that Lewis's federal sentence imposed in the instant

case should run consecutively to the sentence imposed by the Texas state court as a result of his parole violation.

III.    Conclusion

Consistent with the foregoing analysis, Lewis's motion (#127) is DENIED.

SIGNED at Beaumont, Texas, this 10th day of June, 2020.

*[signature: Marcia A. Crone]*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE